UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

STATE OF LOUISIANA                              CIVIL ACTION

VERSUS
                                                NO. 14-56-BAJ-RLB
KELVIN WELLS

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on October 23, 2014.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| STATE OF LOUISIANA | CIVIL ACTION |
| VERSUS | |
| KELVIN WELLS | NO. 14-56-BAJ-RLB |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On October 23, 2014, the court granted Kelvin Wells' Motion for Leave to Proceed in Forma Pauperis. The undersigned has performed a review to determine whether this court has jurisdiction over this removed action.

### I. BACKGROUND

This action was brought by the State of Louisiana, Department of Children and Family Services, Child Support Enforcement ("State of Louisiana") in the Family Court in and for the Parish of East Baton Rouge, Louisiana, ("Family Court") to obtain child support arrearages from Mr. Wells in the amount of $21,236.66.[1] In at least three prior cases in this district, Mr. Wells has had cases dismissed that were based, in part, on his disagreement with circumstances surrounding court ordered child support collections and a subsequent attempt to have the federal court intervene. *See Wells v. Williams*, Civ. Action 06-247-D-M3 (judgment entered on June 27, 2006 dismissed claims relating to child support as an impermissible collateral attack on the state court judgment); *Wells v. Department of Social Services*, Civ. Action 09-469-RET-CN (judgment entered on September 29, 2009 for failure to state a claim); *Wells v. State of*

---

[1] This case is captioned *State of Louisiana v. Kevin Wells*, Docket No. 129171 Div. C (DA), The Family Court, Parish of East Baton Rouge, State of Louisiana. Mr. Wells did not attach the pleading initiating the Family Court action.

*Louisiana*, Civ. Action 10-111-FJP-DLD (judgment entered on June 18, 2010 dismissed claim relating to child support as malicious).

On January 27, 2014, Mr. Wells filed a Notice of Removal asserting that he has removed the action in Family Court pursuant to 28 U.S.C. §§ 1441-1446. (R. Doc. 1). Mr. Wells has attached a copy of a motion filed by the State of Louisiana requesting the Family Court to require Mr. Wells to appear and show cause why certain frozen assets of Mr. Wells should not be released to it. (R. Doc. 1-1 at 16-17).

In his Notice of Removal, Mr. Wells asserts various claims against the State of Louisiana, including that it illegally obtained his banking information, denied him fair hearings, denied him administrative review, and denied him counsel. Mr. Wells attaches an "Answer, Notice of Removal," which bears the same docket number as the proceeding before the Family Court. (R. Doc. 1-1 at 15). Through this document, Mr. Wells alleges that he requested administrative hearings and reviews with support enforcement only to be continually denied due process and equal protection under the Fourteenth Amendment of the United States Constitution. Mr. Wells also attaches a U.S. Department of Justice Complaint Form in which he alleges discrimination based on race/ethnicity, sex and disability on June 11, 2013. (R. Doc. 1-1 at 18-19).

On May 28, 2014, Mr. Wells filed in this action a court-issued "complaint" form which he subtitled a "Notice of Removal" but captioned as Kelvin Wells versus State of Louisiana, et al. (R. Doc. 6). Through this document, Mr. Wells argues that his Fourteenth Amendment Rights have been violated because he has been "denied of due process, equal protection, counsel while his veterans benefits stolen, made to pay for counsel, none provide denied fair hearings, administrative reviews, state compelled witnesses to commit perjury, rewarded witnesses for perjury and still has proceedings even though jurisdiction rest in federal co[urt]." (R. Doc. 6 at

2). As a result of the State of Louisiana's actions and inactions, Mr. Wells requests that this court" assume all jurisdiction in these matters, return funds stolen by [the State of Louisiana] plus interest and administer rulings in relation to excess of jurisdiction and excess of discretion commit[t]ed by [the State of Louisiana]." (R. Doc. 6 at 2).

## II. LAW AND ANALYSIS

### A. Nature of the Instant Action

Mr. Wells represents himself *pro se* and his pleadings are to be held "to less stringent standards than formal pleadings drafted by lawyers." *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (finding allegations in a pro se complaint are to be held "to less stringent standards than formal pleadings drafted by lawyers"); *see also SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (recognizing the established rule that this court "must construe [a pro se plaintiff's] allegations and briefs more permissively"). That said, Mr. Wells' *pro se* status does not offer him "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Wells v. Transocean Terminal Operators*, No. 11-19, 2011 WL 2883003, at *2 (M.D. La. June 22, 2011) (quoting *Farguson v. MBank Houston, N.A.,* 808 F.2d 358, 359 (5th Cir. 1986)), *report and recommendation adopted*, 2011 WL 2938018 (M.D. La. July 15, 2011).

Considering Mr. Wells' clear intent to remove the Family Court proceeding and for this court to exercise jurisdiction over that proceeding, the court construes Mr. Wells' filing, in whole, as a removal of the Family Court proceeding. *See Middleton v. Emerson*, No. 11-2535, 2011 WL 5320978, at *2 (D.S.C. Oct. 13, 2011) (construing *pro se* plaintiff's form complaint as a notice of removal); *see also Anderson v. Nebraska*, 530 F. Supp. 19 (D. Neb. 1981) (rejecting plaintiff's argument that attempted removal of divorce proceeding under 28 U.S.C. § 1443

sought to initiate an original action); *Hall v. Crosland*, 311 F. Supp. 106 (M.D. Ala. 1970) (construing complaint in the alternative as a notice of removal); *but see Widtfeldt v. Nebraska Equal Opportunity Com'n*, No. 8:09CV88, 2009 WL 3380667, at *1 (D. Neb. Oct 14, 2009) (stating that plaintiff's intentions with respect to removal were unclear and complaint was wrongly docketed as a "Notice of Removal").[2] The court will, therefore, proceed to analyze whether it has subject matter jurisdiction over the Family Court proceeding.

B.  **The Removal of the State Court Proceeding is Improper**

In his Notice of Removal, Mr. Wells does not provide any grounds for this court's removal jurisdiction, and instead broadly references various removal statutes, 28 U.S.C. §§ 1441-1446. To the extent Plaintiff relies upon the general removal statute, 28 U.S.C. § 1441, that reliance is misplaced as the court can find no basis for diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) (Mr. Wells is a citizen of Louisiana)[3] or federal question jurisdiction pursuant to 28 U.S.C. § 1331 (the underlying action is for recovery of child support arrearages under Louisiana law).[4] Similarly, there are no allegations in the Notice of Removal supporting

---

[2] Mr. Wells has been warned by this court in the past not to file Notices of Removal using the court-approved form complaint. *See Wells v. DiVicenti*, No. 12-731, 2014 WL 1118113 at *4 n. 38 (M.D. La. Mar. 20, 2014) ("In the future, Mr. Wells should not file Notices of Removal by using the court-approved form complaint.") *appeal dismissed*, No. 14-30258, 2014 WL 4460453 (5th Cir. Sept. 11, 2014).

[3] Even if the parties were diverse and the amount in controversy had been met, Mr. Wells could not remove this action because he is a citizen of the forum state. 28 U.S.C. § 1441(b)(2). Furthermore, the "domestic relations exception" to federal jurisdiction "divests the federal courts of power to issue divorce, alimony, and child custody decrees" even if diversity jurisdiction was present. *Ankenbrandt v. Richards,* 504 U.S. 689, 703 (1992); *see also Shoemaker v. Shoemaker*, No. 09-440, 2009 WL 3535450 (M.D. La. Oct. 28, 2009) ("[F]ederal courts have long maintained a domestic relations exception to federal diversity jurisdiction, founded on 'the strong state interest in domestic relations matters, the competence of state courts in settling family disputes, the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state, and the problem of congested dockets in federal courts.'") (quoting *Crouch v. Crouch,* 566 F.2d 486 (5th Cir. 1978)).

[4] *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("[F]ederal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint.").

removal under 28 U.S.C. § 1442 (Federal officers or agencies sued or prosecuted); 28 U.S.C. § 1442a (Members of armed forces sued or prosecuted); or 28 U.S.C. § 1444 (Foreclosure action against the United States). Two of the removal statutes cited by Mr. Wells do not provide a basis for removal jurisdiction. *See* 28 U.S.C. § 1445 (Nonremovable actions); 28 U.S.C. § 1446 (Procedure for removal of civil actions). Through process of elimination, it appears that Mr. Wells is asserting removal pursuant to the civil rights removal statue, 28 U.S.C. § 1443.

The civil rights removal statute authorizes the removal of a civil action pending in State court, even if the action would not otherwise be removable under the court's original jurisdiction:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. Removal statutes are strictly construed in favor of remand. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). The burden of establishing federal jurisdiction is heavy, and it is borne by the removing party. *Burden v. General Dynamics Corp.,* 60 F.3d 213, 217 (5th Cir. 1995). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. §1447(c).

Mr. Wells does not identify the subsection of § 1443 under which he seeks removal. The Supreme Court has held "that the second subsection of [§] 1443 confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824 (1966); *see Charter School of Pine Grove, Inc. v. St. Helena*

*Parish School Bd.*, 417 F.3d 444, 446 (5th Cir. 2005). Accordingly, because Mr. Wells is not claiming to be a federal officer or agent, his right to removal must exist, if at all, under 28 U.S.C. § 1443(1).

Under 28 U.S.C. § 1443(1), Mr. Wells must satisfy a two-pronged test to remove an action. *Georgia v. Rachel*, 384 U.S. 780 (1966). First, Mr. Wells must prove that the rights allegedly denied to him arise under a federal law "providing for specific civil rights stated in terms of racial equality." *Id*. at 792. Second, Mr. Wells must prove that he has been "denied or cannot enforce" the specific civil rights in State court. *Id*. at 794.[5] The Supreme Court explained this requirement as follows:

> Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*Peacock*, 384 U.S. at 828. Section 1443(1) "has consistently been construed narrowly to require strict satisfaction of both the 'civil rights' element and the 'enforcement' element intrinsic within it." *Smith v. Winter*, 717 F.2d 191, 194 (5th Cir. 1983).

Mr. Wells has not satisfied the first prong. Mr. Wells has not demonstrated that his claims arise under a federal law "providing for specific civil rights stated in terms of racial equality." Mr. Wells also invokes his due process and equal protection rights based upon his assertions that the proceedings before the Family Court were unfair and that the State of Louisiana has wrongly frozen or taken his money in light of his alleged child support arrears. Such broad constitutional claims do not satisfy the first prong of the *Rachel* test. *See State of Ga. v. Spencer*, 441 F.2d 397, 398 (5th Cir. 1971) (due process); *Smith v. Winter*, 717 F.2d 191 (5th

---

[5] In *Rachel*, the Supreme Court found such "narrow circumstances" where plaintiffs had refused to leave facilities of public accommodation after being ordered to do so because of race. They were charged with criminal trespass under Georgia law despite being protected from prosecution or conviction under such circumstances by the Civil Rights Act of 1964. *Id*. at 804.

Cir. 1983) (equal protection); *see also Alabama v. Huffaker*, No. 08-680, 2009 WL 197806, at *2 (S.D. Ala. Jan. 26, 2009) (pro se defendant alleging denial of equal protection and due process in a child support proceeding "failed to allege adequate grounds for removal pursuant to § 1443(1), because he cannot satisfy the first prong of the test").

Mr. Wells has also not satisfied the second prong. Mr. Wells has not shown that any Louisiana law or policy prevents him from raising his federal claims or rights under the Constitution, as either defenses or counterclaims, in the Family Court proceeding. Mr. Wells does not show "how his civil rights, as they pertain to racial equality, would be denied in state court in the instant action that is in question." *Paris v. GMAC Mortgage Corp.*, No. 06-01489, 2006 WL 3201312, at *2 (D. Colo. Nov. 1, 2006) (denying removal of eviction proceeding under 28 U.S.C. § 1443). Mr. Wells has presented no evidence that the Family Court proceeding, which is subject to appellate review by other Louisiana courts, will inevitably result in a violation of Mr. Wells' rights under the Constitution.

For the foregoing reasons, Mr. Wells' attempt to remove the State Court action fails to meet the requirements for § 1443(1) jurisdiction and the State Court action should be remanded for further proceedings.

### C. Possible Sanctions

Mr. Wells has initiated or removed more than thirty (30) lawsuits in this Court accusing various public and private parties of civil rights violations, all of which have been dismissed or remanded to state court. As noted above, this is at least the fourth time he has attempted to challenge state court action regarding his delinquent child support obligations. The Fifth Circuit recently issued the following sanction warning to Mr. Wells:

> Wells is WARNED that any future frivolous pleadings filed by him in this court
> or in any court subject to the jurisdiction of this court will subject him to

sanctions. Wells should review any pending matters to ensure that they are not frivolous.

*Wells v. DiVicenti*, No. 14-30258, 2014 WL 4460453 (5th Cir. Sept. 11, 2014); *see also E. Baton Rouge Parish Sch. Bd. v. Wells*, 467 F. App'x 294, 295 (5th Cir. 2012) (warning Mr. Wells "that future frivolous, repetitive, or otherwise abusive filings may result in the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court or any court subject to this court's jurisdiction.").

While the Fifth Circuit's most recent warning came after the initiation of this instant lawsuit, Mr. Wells has taken no action in the four weeks since that warning regarding the claims in this matter. If the district court adopts this report and recommendation for lack of removal jurisdiction, sanctions regarding Mr. Wells continued attempts to impermissibly challenge his child support obligations should be considered. Mr. Wells is again put on notice that his conduct in bringing frivolous lawsuits may result in the imposition of sanctions.

### III. Conclusion

The court finds that there is no basis for its removal jurisdiction over the Family Court proceeding.

### RECOMMENDATION

It is the recommendation of the Magistrate Judge that the removed action should be **REMANDED** to the Family Court in and for the Parish of East Baton Rouge, Louisiana.

Signed in Baton Rouge, Louisiana, on October 23, 2014.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE