# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| STATE OF LOUISIANA | CIVIL ACTION |
| VERSUS | |
| KELVIN WELLS | NO.:14-00056-BAJ-RLB |

## RULING AND ORDER

On October 23, 2014, the United States Magistrate Judge issued a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), recommending that the above captioned action be remanded to the Family Court in and for the Parish of East Baton Rouge, Louisiana. (Doc. 12).

The Magistrate Judge's Report and Recommendation specifically notified the removing party, Kelvin Wells ("Wells") that, pursuant to 28 U.S.C. § 636(b)(1), he had fourteen (14) days from the date he received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. (Doc. 12 at p. 1). A review of the record indicates that Wells timely filed a Memorandum in Opposition on November 6, 2014. (Doc. 14). Wells has since filed a second Memorandum in Support of Removal[1] as well as a Status Report. (Docs. 15, 16).

---

[1] Well's additional Memorandum in Support of Removal was filed on January 29, 2015, and thus, was not timely filed. (Doc. 15). However, after reviewing the substance of the memorandum, the Court finds that it provides no additional arguments or authority that would support jurisdiction in this Court.

Family Court/19th JDC - certified

In his opposition, Wells cites no authority to refute the extensive jurisprudence cited by the Magistrate Judge supporting a finding that removal of this action to federal court is improper. Instead, Wells bases his arguments on the alleged unreasonableness of the Magistrate Judge's ruling, and the alleged pervasive racism of the Nineteenth Judicial Family Court in Baton Rouge. (*See* Doc. 14 at p. 1-3). Thus, his opposition fails to correct any of the flaws that the Magistrate Judge cited regarding the lack of any grounds for this Court's removal jurisdiction.

Ultimately, Well's opposition overlooks the fundamental principle that "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a). Further, the question of "removal jurisdiction [is determined] on the basis of claims in the state court complaint as it exists at the time of removal." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

In short, Wells provides no basis for subject matter jurisdiction in this Court. As the Magistrate Judge stated, there can be no diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) as Wells is a citizen of Louisiana,[2] nor federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the underlying action was brought by the State of Louisiana for recovery of child support under Louisiana law. Accordingly, to the extent that Well's memorandum asserts objections to the Magistrate Judge's Report, the Court finds that such objections are without merit.

Having carefully considered the documents submitted in conjunction with removal, and related filings, the Court approves the Magistrate Judge's Report and Recommendation, and hereby adopts its findings of fact, conclusions of law, and recommendation.

Accordingly,

**IT IS ORDERED** that the **Magistrate Judge's Report (Doc. 12)** is **ADOPTED** as the Court's opinion herein.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Family Court in and for the Parish of East Baton Rouge, Louisiana.

Baton Rouge, Louisiana, this 19th day of March, 2015.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[2] As the Magistrate Judge noted, not only does this claim fail for lack of complete diversity, but Wells cannot remove this action as he is a citizen of the forum state. See 28 U.S.C. § 1331(b)(2).